UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 5: 14-074-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| ALVIN JASON GIVENS, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

**\*\*\*   \*\*\*   \*\*\*   \*\*\***

Defendant Alvin Givens pleaded guilty on April 1, 2015, to one count of conspiring to distribute 100 grams or more of a mixture or substance containing a detectable amount of heroin in violation of 21 U.S.C. § 846.  [Record Nos. 282 and 283]  He was sentenced on August 19, 2015, to a term of 84 months' imprisonment, to be followed by a term of four years of supervised release.  [Record No. 323]  The defendant was released from the custody of the Bureau of Prisons ("BOP") on December 31, 2020.  *See Find an Inmate*, BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited July 18, 2022).  Givens has now filed a *pro se* motion for early termination of supervised release pursuant to 18 U.S.C. § 3583(e)(1).  [Record No. 700]

In support, Givens asserts that he: (1) has reintegrated into the community by maintaining good relationships with his family and working three jobs; (2) did not have an aggravated role in the offense of conviction and was eligible for "safety valve" relief when he was sentenced; (3) has a limited history of violence relating to a state court conviction and sentence, which he served concurrently with his federal sentence; (4) is not a risk to any victim;

- 1 -

and (5) has had "no recent evidence of alcohol or drug abuse as well [as] . . . psychiatric episodes." [*Id.* at p. 4.] He has produced letters in support from his employers at AbleBusiness Services, Shakers Conch House, and Suncity Stump Removal.  [Record Nos. 700-1, 700-2, and 700-3]

The defendant believes that termination of supervised release is necessary for him to "re-establish himself in a business that would be more lucrative" so that he can support his family, including his nineteen-year-old daughter.  [Record No. 700, p. 5]  Givens would like to be "able to move to the right location" to start a food truck.  [*Id.*]  He states that his supervising Probation Officer in the Southern District of Florida supports this motion, although he provides no evidence confirming this point.  [*Id.* at p. 2.]

"A court 'may' terminate a term of supervised release at any time after the expiration of one year of supervised release, if the action is warranted by the conduct of the defendant and is in the interests of justice."  *United States v. Atkin*, 38 F. App'x 196, 198 (6th Cir. 2002) (citing 18 U.S.C. § 3583(e)(1)).  "Additional factors to consider are enumerated at 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(6)."  *Id.*  However, "[e]arly termination of supervised release is a discretionary decision that is only warranted in cases where the defendant shows changed circumstances - such as exceptionally good behavior."  *Id.* (citing *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)).  In other words, "early termination is not warranted as a matter of course."  *United States v. McKay*, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005) (citing *Lussier*, 352 F.3d at 36).

"[F]ull compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination."  *Id.*  Similarly, "productive employment, while laudable, does not justify the termination of

supervision." *United States v. Olivieri*, 72 F. Supp. 3d 401, 403 (S.D.N.Y. 2014) (citing *United States v. Harris*, 689 F. Supp. 2d 692, 694 (S.D.N.Y. 2010)).  At base, "unblemished" conduct following release from BOP custody "cannot be [a] sufficient reason to terminate . . . supervised release since, if it were, the exception would swallow the rule," *i.e.*, diligent service of the full period of supervised release imposed at sentencing.  *United States v. Medina*, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998).

In this case, the defendant acted as a South Florida supplier of heroin and oxycodone for a drug conspiracy operating in Montgomery County, Kentucky.  [Presentence Investigation Report ("PSR"), ¶¶ 3, 6]  He supplied approximately 140 grams of heroin and 20,000 30 mg oxycodone pills to his co-conspirators.  [*Id.* at ¶ 44.]  His total offense level, which included a two-level safety valve decrease pursuant to U.S.S.G. §§ 2D1.1(b)(17) and 5C1.2, was 27.  [*Id.* at ¶¶ 50, 57.]  Givens had a criminal history category of I based on zero criminal history points.  [*Id.* at ¶ 61-62.]  This produced Guidelines ranges of 70 to 87 months' imprisonment and four to five years of supervised release.  [*Id.* at ¶¶ 79, 82.]

However, the defendant's criminal history score did not account for an older drug trafficking conviction, as well as a conviction for "Racing on Highway."  [*Id.* at ¶¶ 59-60.]  And at the time of sentencing, Givens had a pending Florida state charge unrelated to this case for "Aggravated Battery Bodily Harm with Deadly Weapon."  [*Id.* at ¶ 64.]  The PSR describes the incident underlying the charge as follows:

> According to records, an officer responded to a shooting at a night club.  Upon arrival, the officer was informed by club security that a group of people had been arguing and a security officer had sent each group in separate directions. While everyone was leaving the scene, Givens came back from his vehicle with a firearm and started shooting at the victims.  The security officer shot Givens one time. The defendant was treated by fire and rescue and transported to trauma.  The victims were also transported by fire and rescue to a hospital.

According to the Information filed in this case, the defendant is charged with shooting Lenroy James, which resulted in a gunshot wound that required surgery.

[*Id.*] Givens confirms in his pending motion that he was subsequently convicted of this charge.

Ultimately, the Court imposed Guidelines-range terms of incarceration and supervised release. And the § 3553(a) factors listed above continue to warrant a four-year term of federal supervision, particularly considering the offense conduct and the defendant's criminal history. Moreover, the defendant has not cited or demonstrated any changed circumstances, such as exceptionally good behavior, that might justify early termination of supervised release. The letters in support of the defendant's motion generally evidence a commendable work ethic, and the specific letter from Annie Mabry of Shakers Conch House suggests that he has successfully reconnected with his foster family. [*See* PSR, ¶ 67.] Givens' recent lack of substance abuse and psychiatric episodes also are positive developments. But at bottom, this is the type of progress courts expect of defendants on supervision.

And while the defendant could, potentially, be able to earn more money absent supervision, he has proven that he is capable of obtaining and maintaining multiple jobs while on supervised release. In other words, supervision has not been a significant impediment to gainful employment. *See Olivieri*, 72 F. Supp. 3d at 403-404 (early termination not warranted where the defendant failed to demonstrate that supervision restrictions impeded employment). Thus, even if one were to focus exclusively on Givens' positive post-incarceration conduct, relief would not be appropriate.

Based on the foregoing, it is hereby

**ORDERED** that Defendant Alvin Givens' motion for early termination of supervised release [Record No. 700] is **DENIED**.

- 4 -

Dated: July 19, 2022.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky