UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 5: 14-074-DCR |
| ) | |
| V. ) | |
| ) | |
| ALVIN JASON GIVENS, ) | **MEMORANDUM ORDER** |
| ) | |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Alvin Givens pleaded guilty to one count of conspiring to distribute 100 grams or more of a mixture or substance containing a detectable amount of heroin in violation of 21 U.S.C. § 846. [Record Nos. 282 and 283] He was sentenced to a term of 84 months' imprisonment, to be followed by a term of four years of supervised release. [Record No. 323] The Bureau of Prisons (BOP) released Givens from custody on December 31, 2020. *See Find an Inmate*, BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited April 27, 2023).

Givens previously filed an unsuccessful *pro se* motion for early termination of supervised release. [Record Nos. 700, 701] Then, he filed a motion to reconsider the Court's denial of his motion, which was also rejected. [Record No. 709, 716] Undaunted, Givens has now filed a *pro se* "Motion to Revisit Motion for Early Termination of Supervised Release Pursuant to 18 U.S.C. Section 3583(E)(1)." [Record No. 765]

Motions to reconsider "are permitted in criminal cases as ordinary elements of federal practice." *United States v. Banks*, No. 21-5382, 2021 U.S. App. LEXIS 26751, at \*4 (6th Cir. Sept. 2, 2021) (citation omitted). District courts review motions to reconsider under the same

standard as motions to alter or amend under Rule 59(e) of the Federal Rules of Civil Procedure. *See Huff v. Metro. Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982)); *see also United States v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2010) (citing *United States v. Healy*, 376 U.S. 75, 84 (1964)). Rule 59(e) allows the Court to alter or amend its previous decision based on "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Brumley v. United Parcel Serv., Inc.*, 909 F.3d 834, 841 (6th Cir. 2018).

Title 18 of United States Code, section 3583(e)(1), provides that, after considering certain factors enumerated in 18 U.S.C. § 3553(a), the Court may "terminate a term of supervised release . . . at any time after the expiration of one year of supervised release, . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." District courts have discretion to grant early termination of supervised release. *See United States v. Atkin*, 38 F. App'x 196, 198 (6th Cir. 2002). In other words, "early termination is not warranted as a matter of course." *United States v. McKay*, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005)

Givens appears to argue that the Court should reconsider his motion for early termination of supervision because he disagrees with the previous decision. He also argues that the Court's previous Order was "doublespeak" and violated his due process rights for failing to consider the §3553 factors. But the Court determined that the § 3553(a) factors continue to warrant a four-year term of federal supervision, particularly considering Givens offense conduct and his criminal history. [Record No. 701] Givens has not shown a clear error of law, an intervening change in controlling law, or a need to prevent manifest injustice.

Givens also states that "he was laid off the jobs he previously referenced to in his initial request for early termination of his supervision" because of the recession and "some of his peers . . . now stress an uncomfortableness having an ex-felon around." [Record No. 765] But he "remained steadfast and not only set out to obtain his food truck - that could be doing much better had he not been prohibited by some of the stiff conditions of his supervision - but achieve his goal in spite of." [*Id.*] Although the conditions of supervised release may create certain obstacles or limitations, there is no indication that Givens is unable to maintain gainful employment. *See United States v. Olivieri*, 72 F. Supp. 3d 401, 403-04 (S.D.N.Y. 2014).

And the § 3553 factors continue to warrant federal supervision. Givens was involved in a conspiracy operating in Montgomery County, Kentucky, which distributed heroin and oxycodone. [Record No. 324] His criminal history includes a conviction for racing on the highway and a prior drug trafficking conviction. Givens received a term of supervision within his Guidelines range. [*See* Presentence Investigation Report, at ¶¶ 79, 82.] That was appropriate at the time it was imposed, and it remains appropriate now.

In summary, Givens has not provided a justifiable basis for the Court to reconsider its July 19, 2022, Memorandum and Opinion Order denying his Motion for Early Termination of Supervised Release, and the Court's previous decision accurately explained why early termination is not appropriate in this case.

Accordingly, it is hereby

**ORDERED** that the defendant's motion [Record No. 765] is **DENIED**.

Dated: April 28, 2023.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky